## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GENE T. FAVORS,

     Plaintiff,

v.                                                             Case No. 10-14966

JULIUS O. CURLING, et al.,

     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES ON APPEAL AND MOTION FOR CERTIFICATE OF APPEALABILITY

On December 27, 2010, the court dismissed without prejudice Plaintiff's civil

rights complaint pursuant to 28 U.S.C. § 1915(g), on the ground that plaintiff had filed at

least four prior civil rights complaints that had been dismissed by federal courts for

being frivolous, malicious, or for failing to state a claim upon which relief could be

granted.  The court also noted that Plaintiff had been denied leave to proceed *in forma*

*pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, by another judge in this

district and that the Sixth Circuit subsequently denied Plaintiff permission to proceed *in*

*forma pauperis* on appeal from that judgment, on the ground that he had at least three

prior frivolity dismissals.  Because Plaintiff had more than three prior cases dismissed

against him for being frivolous, malicious, or failing to state a claim, the court certified

that any appeal from this dismissal would not be in good faith.  The court denied a

motion for reconsideration on February 10, 2011.  Pending before the court are

Plaintiff's application to proceed *in forma pauperis* on appeal and a motion for a certificate of appealability.

It is unnecessary for Plaintiff to obtain a certificate of appealability before appealing the dismissal of a civil rights action brought pursuant to 42 U.S.C. § 1983. Title 28 U.S.C. § 2253(c)(1)(A) and Federal Rule of Appellate Procedure 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. Because Plaintiff's case was filed as a civil rights action under 42 U.S.C. § 1983, and not as a petition for writ of habeas corpus, Plaintiff does not need to obtain a certificate of appealability prior to appealing the court's decision. *See Johnson v. CCA-Ne. Ohio Corr. Ctr. Warden,* 21 F. App'x 330, 332 (6th Cir. 2001); *Moore v. Pemberton,* 110 F.3d 22, 24 (7th Cir. 1997). Thus, the court will deny the motion.

In addition, the court certifies, as it did in the December 27, 2010, order that any appeal of that order would not be taken in good faith. Title 28 U.S.C. § 1915(a)(3) indicates that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal would not be taken in good faith. As the court observed in its previous order, Plaintiff has had more than three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, and therefore, 28 U.S.C. § 1915(g) also bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-06 (W.D. Tenn. 1999). The court will deny Plaintiff's application. Accordingly,

IT IS ORDERED that Plaintiff's application to proceed without prepayment of fees

on appeal [Dkt. # 8] and "Motion for Certificate of Appealability" [Dkt. # 9] are DENIED.


                        s/Robert H. Cleland

                        ROBERT H. CLELAND
                        UNITED STATES DISTRICT JUDGE

Dated:  February 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, February 18, 2011, by electronic and/or ordinary mail.


                        s/Lisa Wagner

                        Case Manager and Deputy Clerk
                        (313) 234-5522